DECISION
Plaintiffs have appealed from an act of the Grant County assessor regarding 225 acres of their property, identified as Accounts 5487 and 38895, and a request for farm use special assessment.
A trial was held December 4, 2008. Edward H. Falls and Sharon K. Falls participated on their own behalf. Defendant was represented by Lane Burton, Assessor, and Mike Kilpatrick, legal counsel.
 I. STATEMENT OF FACTS
Plaintiffs acquired the subject property from Bill and Nancy Allen. In 2007, they submitted an application for special assessment of farmland. It listed the two account numbers above. Account 5487 has 185 acres with a zoning of exclusive farm use. Account 38895 has 40 acres and is zoned non-exclusive farm use.
Plaintiffs received no cash from uses of that land nor did they report any actions from that land on a federal Schedule F to their recent income tax returns.
Plaintiffs did supply Defendant with copies of a land lease on the land. (Ptfs' Ex B.) It was for "the barter value of $750.00 yearly in exchange for operating and maintaining properties waterights." (Id) (emphasis added). *Page 2 
Defendant denied the application on April 8, 2008. In its letter of explanation, Defendant stated that "your income was received in the form of `barter'." (Ptfs' Ex C.)
 II. ANALYSIS
Under ORS 308A.068(1)(a), [1] land not within an exclusive farm use zone can qualify for farm use special assessment provided it "is being used, and has been used for the preceding two years, exclusively for farm use," and that it "meets the income requirements set forth in ORS308A.071." That applies to Account 38895.
ORS 308A.071(2)(a)(C) requires a minimum of $3,000 in gross income for a farm unit of 40 acres. OAR 150-308A.068(1)(a) (B), (C) provides that the property "[m]ust have been used for farm use for the two years preceding the current assessment year" and "[m]ust have met the income requirement for three out of the last five years."
For land within an exclusive farm use zone (Account 5487), the requirement is to employ the land for the "primary purpose of obtaining a profit in money." ORS 308A.056(1). That is emphasized and clarified by the Oregon Administrative Rules that insist on "farmland which is operated primarily for the purpose of obtaining a profit in money" OAR150-308A.056 (3)(a). Additionally, "the land [must be] used in a manner that is reasonably designed and intended to obtain a profit in money by accepted farming practices." OAR 150-308A.056 (3)(b).
Clearly, as to the non-EFU zoned land the minimum income requirements are not met. As to the remaining acres, the court concludes that the barter arrangement, involving such a minimal amount of trading, is not of the character nor does it rise to the level required by the statutes. It is not related to any sort of profit or money. There was no money received or activity related to the land reported on federal tax forms. *Page 3 
The term "barter" is defined as "an exchange of goods for goods * * * replaced by a money economy." Webster's Third New Int'l Dictionary 180 (unabridged ed 2002). Barter and money are mutually exclusive.
It is clear that raising animals for family use or pigs to trade with a neighbor do not equate with the primary purpose of obtaining a profit.Everhart v. Dept. of Rev., 15 OTR 76, 80 (1999). Here, a trade of a similar type is present. Everhart states firmly that "the legislature's intent is to grant the special assessment to farmers who exchange their crops for `money'." (Id.) Here, there is no money or adequate consideration involved.
 III. CONCLUSION
On the facts before it, the court concludes that Plaintiffs did not qualify for farm use special assessment and that Defendant acted in accordance with applicable law in denying the application for special assessment. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this _____ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on February12, 2009. The Court filed and entered this document on February 12,2009.
[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2007. *Page 1